1
2
3
4                          UNITED STATES DISTRICT COURT
5                                DISTRICT OF NEVADA
6                                      * * *
7    SAM LEE,                                Case No. 2:20-CV-498 JCM (BNW)
8                          Plaintiff(s),                  ORDER
9         v.
10   UNITED STATES OF AMERICA, et al.,
11                         Defendant(s).
12
13           Presently before the court is the United States of America ("USA") and United States of
14   America ex rel United States Equal Employment Opportunity Commission ("EEOC")
15   (collectively, "defendants") motion to dismiss.  (ECF No. 6).  Sam Lee ("plaintiff") filed a
16   response (ECF No. 6).  Defendants did not respond and the time to do so has passed.
17           Also before the court is defendants' motion to dismiss plaintiff's amended complaint.
18   (ECF No. 9).  Plaintiff filed a response (ECF No. 10), to which the defendants replied (ECF No.
19   11).
20   I.      Background
21           The present case stems from a charge of race discrimination that plaintiff filed against his
22   former employer.  (ECF No. 7 at 2).  On or about September 28, 2016, plaintiff's counsel
23   requested that the EEOC issue a right-to-sue letter to allow plaintiff to commence legal action
24   against his former employer.  Id.  The EEOC issued a right to sue letter dated October 18, 2016,
25   and mailed it to the plaintiff's residence.  Id.  The EEOC did not deliver a copy of the notice of
26   right-to-sue letter to plaintiff's counsel.  Id.  Plaintiff alleges that "he did not receive notice of the
27   issuance of the right-to-sue letter and/or, that he was unaware of the EEOC's actions in issuing a
28

James C. Mahan
U.S. District Judge

right-to-sue letter and/or, not aware of the legal significance of the issuance of a right-to-sue letter." *Id.*

In or around February 2017, plaintiff's counsel discovered that the EEOC had issued a right-to-sue letter to plaintiff. *Id.* at 3. On or about February 6, 2017, plaintiff's counsel advised the EEOC that the original right-to-sue letter was not served on the office of plaintiff's counsel. *Id.* Counsel demanded that the EEOC re-issue its right-to-sue letter. *Id.* The EEOC, per counsel's request, did so. *Id.*

Plaintiff filed his discrimination lawsuit on February 24, 2017, based on the re-issuance of the right-to-sue letter and the allowance of a new 90-day filing period.[1] *Id.* The court granted summary judgment in favor of the defendant in that lawsuit because plaintiff's claim was time-barred. *Id.* The court found that the re-issued right-to-sue letter from February 6, 2017, was invalid. *Id.* at 4. Further, the district court and the Ninth Circuit found that the EEOC was not required to issue a right-to-sue letter to plaintiff's counsel. (ECF No. 9 at 8).

Plaintiff alleges that he relied upon the authorization of the EEOC from the re-issuance of the right-to-sue letter to file his discrimination lawsuit. (ECF No. 7 at 5). Further, he alleges that he would not have filed the lawsuit but for the EEOC's re-issuance of the right-to-sue letter. *Id.* Plaintiff alleges that he has suffered damages as a result of the EEOC re-issuing the right-to-sue letter. *Id.*

## II.     Legal Standard

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

---

[1] Plaintiff filed his discrimination suit with the United States District Court for Nevada under case number 2:17-cv-00603-APG.

James C. Mahan
U.S. District Judge

- 2 -

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. MotorsAcceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

In moving to dismiss under Rule 12(b)(1), the challenging party may either make a "facial attack," confining the inquiry to challenges in the complaint, or a "factual attack" challenging subject matter on a factual basis. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). For a facial attack, the court assumes the truthfulness of the allegations, as in a motion to dismiss under Rule 12(b)(6). *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987). By contrast, when presented as a factual challenge, a Rule 12(b)(1) motion can be supported by affidavits or other evidence outside of the pleadings. *United States v. LSL Biotechs.*, 379 F.3d 672, 700 n.14 (9th Cir. 2004) (citing *St. Clair v. City of Chicago*, 880 F.2d 199, 201 (9th Cir. 1989)).

**III. Discussion**

As an initial matter, the court denies defendants' first motion to dismiss. (ECF No. 6). Amended pleadings supersede the original pleading. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Consequently, filing an amended complaint will ordinarily moot a pending motion to dismiss the original complaint. *See, e.g.*, *MMG Ins. Co. v. Podiatry Ins. Co. of Am.*, 263 F. Supp. 3d 327, 331 (D. Me. 2017) ("Typically, this amendment would render the pending

James C. Mahan
U.S. District Judge

1    motion to dismiss moot."); *Oliver v. Alcoa, Inc.*, No. C16-0741JLR, 2016 WL 4734310, at *2

2    (W.D. Wash. Sept. 12, 2016); *Williamson v. Sacramento Mortgage, Inc.*, No. CIV. S-10-2600

3    KJM, 2011 WL 4591098, at *1 (E.D. Cal. Sept. 30, 2011), *as amended* (Oct. 11, 2011).  Plaintiff

4    filed an amended complaint, therefore, defendants' first motion to dismiss (ECF No. 6) is denied

5    as moot.

6         Plaintiff brings four claims in his amended complaint: negligence, breach of the covenant

7    of good faith and fair dealing, declaratory relief, and negligent supervision.  Defendants move to

8    dismiss for lack of subject matter jurisdiction.

9         *a.  Declaratory Relief*

10        First, the court dismisses plaintiff's third cause of action.  Declaratory relief is a remedy

11   that the court may grant after plaintiff has established and proven his case.  It is not an

12   independent, substantive cause of action.  *See Stock W., Inc. v. Confederated Tribes of the*

13   *Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989); *see also* Nev. Rev. Stat. § 30.030;

14   *Builders Ass'n of N. Nevada v. City of Reno*, 776 P.2d 1234, 1234 (Nev. 1989).  This dismissal

15   does not preclude the court from awarding declaratory relief if plaintiff prevails on his

16   underlying claims.

17        *b.  Negligence, breach of the covenant of good faith and fair dealing, and negligent*

18           *supervision*

19        The court turns to plaintiffs' additional claims.  Plaintiff cites the Federal Torts Claims

20   Act ("FTCA") as his jurisdictional basis for bringing his action against defendants.   (*See* ECF

21   No. 7).   However, "[s]overeign immunity is an important limitation on the subject matter

22   jurisdiction of federal courts."  *Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006)

23   (citations omitted).    Thus, the government's consent to be sued "is a prerequisite for

24   jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

25   . . .

26   . . .

27   . . .

28   . . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

The Federal Tort Claims Act's ("FTCA") waives sovereign immunity, but that waiver is subject to several exceptions that must be strictly construed in the government's favor. *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995).   The FTCA does not waive sovereign immunity for:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the **execution of a statute or regulation,** whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform **a discretionary function or duty** on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a) (emphasis added).

Discretionary function immunity applies where "(1) the challenged conduct . . . involve[s] an element of judgment or choice; and (2) 'that judgment must be of the kind that the discretionary function exception was designed to shield.'"   *Kelly v. United States*, 241 F.3d 755, 760 (9th Cir. 2001) (quoting *Reed v. United States Dep't of the Interior,* 231 F.3d 501, 503 (9th Cir. 2000)) (alteration omitted).   Additionally, if the defendant was acting pursuant to a regulation, sovereign immunity is not waived.  *See McQuade v. U.S.*, 839 F.2d 640 (1988).

Here, plaintiff attempts to steer his case near Scylla and Charybdis.   On one hand, plaintiff's claims are barred by the latter portion of 28 U.S.C. § 2680(a), which establishes "discretionary function immunity."   Although plaintiff argues that the EEOC "erroneously" issued the second right-to-sue letter—thus implying that it was a discretionary act—plaintiff urges that the EEOC's re-issuance of a new right-to-sue letter was not a discretionary act.  (ECF No. 9 at 7).   The court will assume *arguendo* that the issuance of the second letter was not a discretionary function.

Based on that assumption, plaintiff's claims are precluded by the first portion of 28 U.S.C. 2680(a).   Indeed, plaintiff himself contends that the re-issuance of the right-to-sue letter was "required pursuant to federal regulations" and is a "mandatory function of the EEOC."[2]   *Id.*

---

[2] As a result of these allegations, plaintiff concedes that the EEOC was "exercising due care" when it re-issued a right-to-sue letter at his request.  *See* 28 U.S.C. § 2680(a); *see also Weisbuch v. County of L.A.,* 119 F.3d 778, 783 n. 1 (9th Cir.1997) ("[A] plaintiff may plead herself out of court. . . . If the pleadings establish facts compelling a decision one way, that is as good as if

Taken in its entirety, plaintiff's argument suggests that the re-issuance of the right-to-sue-letter was not based upon the performance of a discretionary function.  Rather, it was based upon an act *in execution of a regulation*.

Thus, plaintiff establishes that defendant was acting pursuant to a regulation, and therefore, sovereign immunity is not waived.  Thus, the court lacks jurisdiction over this action and dismisses it accordingly.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 6) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiff's amended complaint (ECF No. 11) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the matter of *Lee v. United States of America et al.*, case number 2:20-cv-00498-JCM-VCF, be, and the same hereby is, DISMISSED for lack of jurisdiction.

The clerk is instructed to enter judgment and close the case accordingly.

DATED August 7, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

depositions and other expensively obtained evidence on summary judgment establishes the identical facts." (citation and internal quotation marks omitted)).

James C. Mahan
U.S. District Judge

- 6 -